# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ANDRES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARMONA, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00744-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(Doc. 2)<br><br>21-DAY DEADLINE |

Plaintiff filed a motion to proceed *in forma pauperis* along with this civil rights action pursuant to 42 U.S.C. § 1983. When Plaintiff filed this action, he had $2,000 in cash or in a checking or savings account, he receives $1,100 per month in take-home pay, and he has no dependents. The Court recommends that Plaintiff's motion be DENIED.

**I.　Legal Standard**

An indigent party may be granted permission to proceed *in forma pauperis* upon submission of an affidavit showing inability to pay the required fees. 28 USC § 1915(a). Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his

1

dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of *in forma pauperis* where in past 12 months, plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff) (citing, *Temple*, 586 F.Supp. at 851 (quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (*per curiam*)). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850, citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

To proceed *in forma pauperis*, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing his dependents with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). A "'showing of something more than mere hardship must be made.'" *Nastrom v. New Century Mortg. Corp.*, No. 11-cv-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co.*, 221 F.Supp. 757, 759 (W.D. La.1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan.12, 2012). Plaintiff currently is not providing for any dependents, earns $1,100 per month in take-home pay, and has $2,000 at his disposal and makes no showing that poverty prevents him from paying the filing fee and providing for his necessities of daily life.

The determination whether a party may proceed *in forma pauperis* is a "matter within the

discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process"). Plaintiff had more than sufficient funds at his disposal when he filed this action to pay the filing fee and failed to respond to the order to show cause why his application to proceed *in forma pauperis* should not be denied. The Court finds nothing which prevents Plaintiff from paying the filing fee in this action. Plaintiff has not shown that exceptional circumstances exist to grant his motion to proceed *in forma pauperis*.

## **RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that Plaintiff's application to proceed *in forma pauperis*, filed on May 28, 2019 (Doc. 2), be **DENIED** and that this action be dismissed without prejudice to refiling on prepayment of the $350.00 filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court which should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 11, 2019**  /s/ Jennifer L. Thurston
**UNITED STATES MAGISTRATE JUDGE**